UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA HAMILTON, as Father and Representative of PH (a minor), and JOSHUA HAMILTON, individually,

    Plaintiff,

v.                          Case No:   6:18-cv-284-Orl-31GJK

INTERNATIONAL HOUSE OF PANCAKES, LLC, SUNSHINE RESTAURANT MERGER SUB, LLC, DAPHNE SWAIN, HEYONJEONG BEVAN, HHJJ, LLC., and HALMONY, LLC.,

    Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **SECOND AMENDED PETITION FOR APPROVAL OF MINOR'S SETTLEMENT TO AUTHORIZE AND DIRECT PAYMENT OF SETTLEMENT FUNDS, ATTORNEY'S FEES AND LITIGATION COSTS; AND TO AUTHORIZE EXECUTION OF SETTLEMENT AGREEMENTS (Doc. No. 80)** |
| **FILED:** | **February 13, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.  BACKGROUND.**

On February 26, 2018, Plaintiff Joshua Hamilton ("Hamilton") filed a complaint on behalf of himself and his two-year-old son ("PH") against Defendants International House of Pancakes,

LLC, Sunshine Restaurant Merger Sub, LLC, and Jane Doe for injuries he and PH sustained when hot coffee was spilled on PH's lap at an IHOP restaurant. Doc. No. 1. On June 6, 2018, Plaintiffs filed an Amended Complaint, adding as defendants Daphne Swain, Heyongeong Bevan, HHJJ, INC., and Halmony, LLC. Doc. No. 32.

On February 13, 2019, Plaintiffs filed a "Second Amended Petition for Approval of Minor's Settlement to Authorize and Direct Payment of Settlement Funds, Attorney's Fees and Litigation Costs; and to Authorize Execution of Settlement Agreements" (the "Second Amended Petition"). Doc. No. 80. Under the settlement agreement, the insurance company will pay $170,000 in cash for Hamilton and PH's:

> out of pocket expenses, attorney fees, outstanding health care expenses and/or charges, any and all liens, rights of recovery, subrogation claims, known and unknown, general damages claims, and/or any other expenses incurred by [Hamilton and PH] in connection with this Settlement Agreement or in any way relating to or arising out of the Subject Incident, unless otherwise so stated.

Doc. No. 80-1 at 3. In addition to the cash payment, the parties agreed to Defendants "pay[ing] $40,000.00 in full and final settlement of all claims for PH arising out of the subject incident." *Id.* at ¶ 3. Plaintiffs represent that Plaintiffs' attorney's fees and costs will not be taken out of PH's settlement, but instead will be taken from Hamilton's settlement, *id.* at ¶ 5, although this appears to contradict the provision regarding the cash payment. PH's settlement "will be placed into a structured settlement which will provide for payments to [PH] at ages 20, 23, 27, and 30 that will total $99,843.13." *Id.* at ¶ 7. Thus, only PH will receive the settlement payments allocated to him and he will only receive the payments after he reaches the age of majority. *Id.* at ¶¶ 11, 12. PH has "no permanent scarring, [and] the total cost of PH's medical bills are $887.00 . . . ." *Id.* at ¶ 11. Under the settlement agreement and also in addition to the cash payment, Hamilton will receive a total of $86,074.53 through a structured settlement, with payments commencing on April 9, 2033.

- 3 -

Doc. No. 80-1 at 8. A copy of the unexecuted settlement agreement is attached to the Second Amended Petition. Doc. No. 80-1. Plaintiffs ask that the Court do the following:

> enter an order authorizing settlement of the above-described personal injury claims as to P.H. against Defendants for the total sum of Forty Thousand Dollars and 00/100 Cents ($40,000.00) to be directed to PH, and further authorizing Plaintiff to execute all necessary instruments to complete the settlement on behalf of PH, the minor, and to receive and distribute the proceeds of the settlement in the amount detailed above into a structured settlement account where PH will receive the monies outline[d] above the course of his life.

Doc. No. 80 at 5.

## II.     DISCUSSION.

The Court must resolve two issues to approve the settlement agreement: "whether the appointment of a guardian ad litem is necessary to protect [PH's] interests" and "whether the settlement agreement is in the best interests of" PH. *Jackson v. Magical Cruise Co., Ltd.*, No. 6:14–CV–1997–ORL–18KRS, 2016 WL 2647689, at *1 (M.D. Fla. Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 2733422 (M.D. Fla. May 9, 2016).

Federal Rule of Civil Procedure 17(c) controls whether a guardian ad litem is appointed. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001). "[U]nless a conflict of interest exists between the representative and minor, a district court need not even consider the question [of] whether a guardian ad litem should be appointed." *Id.* When a parent who is also a party to the lawsuit represents the minor and has the same interest as the child, there is generally no conflict of interest. *Id.*

Here, Hamilton brought suit on PH's behalf, as his father. Doc. Nos. 1, 32. Both Hamilton and PH assert claims for personal injuries against Defendants arising out of the same incident. Doc. Nos. 1, 32. Plaintiffs state in the Motion that Hamilton "does not have the same interest as

PH because [Hamilton's] individual claim is a separate and distinct claim from that of PH which centers on his wound care treatment of PH, not on a burn he sustained." Doc. No. 80 at ¶ 15. This seems to suggest that there is a conflict of interest and a guardian ad litem should be appointed. In *Burke v. Smith*, 252 F.3d at 1264, however, the Eleventh Circuit found that there was no inherent conflict of interest and the mother's and child's interests were the same in a wrongful death lawsuit in which the mother was also a party, individually and as the representative of the father's estate. The Eleventh Circuit held that a guardian ad litem need not have been appointed. *Id.* This case is similar to *Burke* in that the parent and child have incurred separate damages arising from the same incident and both seek relief from the same entities. Additionally, no facts have been presented suggesting that PH's father is incapable of adequately representing PH's interests. Accordingly, the Court need not appoint a guardian ad litem.

Court approval of any settlement after an action involving a child is commenced is required. *Sullivan v. Dep't of Transp.*, 595 So. 2d 219, 220 (Fla. 2d DCA 1992) (citing Fla Stat. § 744.387(3)(a)). The settlement must "be for the best interest of the ward." Fla. Stat. § 744.387(1) (2017); *Wilson v. Griffiths*, 811 So. 2d 709, 712 (Fla. 5th DCA 2002). When determining if a settlement agreement should be approved, "[t]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991). The purpose of court approval "is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d DCA 2013).

Having carefully considered the claims at issue in this case and the allocation of the settlement proceeds, Plaintiffs demonstrate the settlement agreement is in PH's best interest. There are no provisions in the settlement agreement that render the agreement fundamentally unfair,

- 5 -

unreasonable, or otherwise contrary to PH's best interests. There is no evidence of collusion between the parties. There is no reason to believe that the settlement agreement is not in PH's best interest.

### III.     CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT** the Second Amended Petition (Doc. No. 80).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To expedite the final disposition of this matter, if the parties have no objections to this Report and Recommendation, they may promptly file a joint notice of no objection.**

**RECOMMENDED** in Orlando, Florida, on March 6, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties